### CALLIE FLETCHER v. THE STATE.

No. 3716.   Decided October 20, 1915.

Rehearing denied November 10, 1915.

**1.—Soliciting—Procuring—Unlawful Sexual Intercourse.**

Where, upon trial of unlawfully giving the name of a female for the pur-
pose of unlawful sexual intercourse, the evidence sustained the conviction, there
was no error on that ground.

**2.—Same—Continuance—Witness—Drunkenness.**

Where it is not shown in the application for continuance that the absent witness would show that the prosecuting witness was too drunk to know what he was doing, there was no error in overruling the motion.

Appeal from the County Court of Canyon. Tried below before the Hon. S. F. Leslie.

Appeal from a conviction of unlawful soliciting for sexual intercourse; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*E. S. McAlester* and *Thos. P. Steger,* for appellant.—On question of the insufficiency of the evidence: Willis v. State, 15 Texas Crim. App., 118; Cude v. State, 50 Texas Crim. Rep., 371; Mortimore v. State, 60 id., 69.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—The charging part of the affidavit and information is, that on or about the 13th day of February, 1915, Callie Fletcher unlawfully gave to Albert Crittenden the name of Ida Fletcher for the purpose of enabling Albert Crittenden to have unlawful sexual intercourse with and to meet said Ida Fletcher.

The facts are less than a page in length, and are made alone by the testimony of Albert Crittenden. He says: "I am a single person and room over the Ragsdale building over what is called Sid Smith's store. I keep a room furnished there and in addition to the ordinary furniture of an unmarried man I keep a small oil cooking stove. I keep this to cook game on some time, as I hunt a good deal. I do not eat there regularly and only have this stove to cook game on when I desire. I know the defendant, Callie Fletcher. There he sits in the courtroom. About the 13th day of February he came to my room. There was no one there but he and I. After remaining in my room some time he asked me what I was doing with that stove. I told him I kept it there and sometimes cooked my game on it after going hunting. He said to me that he would bring his wife, Ida, up there and she could cook me a meal on it. I told him I did not eat here in the room but only used the stove to cook game on occasionally. The defendant said that was all right, he would bring his wife, Ida, up there and leave her with me, and she would cook me a good meal. I said no, and the defendant said he would bring Ida, his wife, up there and leave us alone there together and would go off. He said, 'You know Ida.' I said to him, 'Callie, you are a damn fool,' and got up and left, he coming with me." This is the entire statement of facts, except the venue and date.

Under our statute this testimony is sufficient to prove the case. Appellant asked for a continuance, which was overruled and made a ground of the motion for new trial. The absent witness, Cole, filed an affi-

davit in connection with the motion for new trial as to what his testimony would be. He says that he was acquainted with defendant and the prosecuting witness, Crittenden. That he, witness, had been summoned as a witness for the defendant, Fletcher. That on the 13th day of February, 1915, he saw Crittenden several times, and that on said date, immediately before and after the occasion on which defendant is alleged to have made certain statements to the witness Crittenden, on which statements the affidavit and information is based, he, said witness, Cole, was with Crittenden in his, Crittenden's place of business, and that on each of said occasions the witness Crittenden was drunk. We are of opinion there was no error in refusing this continuance. This witness does not show the state of drunkenness, or that he was too drunk to know what he was doing. If he was drunk at the time he was in his room that fact could have been proved by Crittenden, or he could have been asked about it. This seems not to have been done. The mental status of the defendant by being drunk would not be an excuse for crime, and it could only be given in mitigation, if it is worth anything, and the inconclusiveness of the statement of Cole does not place the matter in such attitude the defendant is entitled, we think, to the continuance. The same rule or similar reasoning would apply to witness' testimony. It would not render him incompetent as witness ordinarily. It was not sought to even prove by present testimony such condition.

The judgment, therefore, will be affirmed.

*Affirmed.*

[Rehearing denied November 10, 1915.—Reporter.]