SHELLEY CLIFF V. THE STATE.

No. 22083. Delivered May 20, 1942.
Rehearing Denied June 17, 1942.

The opinion states the case.

*Oliver W. Johnson,* of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted of inviting, soliciting, procuring and alluring a female to visit and be at a certain room in the City of San Antonio for the purpose of meeting and having unlawful sexual intercouse with a male person, etc. Punishment was assessed at a fine of $50.00 and one month in jail.

The testimony shows that a police officer went to a certain place in San Antonio where he found appellant in charge of the register of such place, it being a rooming house or small hotel. The officer at the time was not wearing the uniform of a policeman. He was then a city detective, dressed as any ordinary citizen, in shirt sleeves and bareheaded. He had no package of any kind, no valise or anything in his hand. His badge as an officer was not visible, and nothing was apparent to give notice that he was an officer. The appellant asked the officer if he wanted to register for a room; the officer replied that he did if he could get something to go with it; that he would like to have a girl; and appellant said he could get one. The officer told appellant he wouldn't have a girl unless she was good looking; he would have to see her first, and appellant said he could get one. Appellant went up to the third floor and soon returned in company with a girl, who told the officer that her price was three dollars, but after some conversation she agreed to cut the price to $2.50, at which time the officer arrested appellant under the above charge.

On cross examination the officer testified as follows: "* * * He (appellant) asked me if I wanted to register. I imagine he wanted to know if I wanted to stay there. As I stated before I told him I would like to have a room, if I could have something to go with it. I did not expect to stay there. As to whether I asked him to procure a female person for me, I didn't ask him to do it. He said he would get it and I told him it must be a good looking girl. I told him I would have to see her first, I wouldn't take her unless she was good looking. As to whether he told me he would go and get her, I don't remember his exact words, but he started upstairs and I waited there. He said for me to wait, he would be back in a minute,

I don't remember his exact words. I asked for a room to see if he would procure a female person for me."

The girl testified that she lived on the third floor of this hotel; that appellant came to her room about 8 o'clock at night on the date in question and said there was somebody to see her, and she went downstairs and saw the officer, and had the conversation relative to the price. This was not the first time appellant ever came to her room and told her that he had a date. She paid him for doing such one quarter out of every dollar that she made. She would not have come out of her room except that the appellant knocked at her door and told her there was someone to see her.

This is all the testimony there is to be found in the record relative to the purpose of this meeting between this plain clothes officer and this girl.

The facts are such as supported the jury in concluding that appellant arranged the meeting between the girl and the proposed roomer for the purpose of indulging in the act of sexual intercourse. No other inference is suggested. We regard the facts here as stronger than in Fletcher v. State, 77 Tex. Cr. R. 541, 179 S. W. 879. In that case there was at least a pretense that the tender of the woman was for an innocent purpose. Here such a pretense is even lacking.

We think the evidence supports the verdict.

Appellant sought to have the court submit a special charge on the issue of entrapment and reserved exception to its refusal. We think the issue of entrapment was not raised by the evidence. The officer only furnished the opportunity for appellant to bring about a meeting between the girl and the supposed roomer, according to a previous plan and agreement between appellant and the girl by which appellant was to make dates for her with roomers at the hotel, or bring about contacts between her and a roomer, for which services appellant was to be paid by the girl 25¢ out of each $1.00 she made. The more money she took in the more appellant was paid. See 12 Tex. Jur. p. 309, Sec. 63, p. 310, Sec. 64, and authorities annotated; Peery v. State, 138 Tex. Cr. R. 155, 134 S. W. (2d) 283.

Finding no reversible error in the record the judgment is affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant calls attention to the fact that we failed to discuss his Bill of Exception No. 2, by which he insists that he objected to certain testimony of the girl relative to her relations with the appellant. The bill of exception is of such an indefinite nature as to present nothing for review, because it does not show that appellant made any objection to the testimony and does not state any grounds of objection urged thereto by the appellant. Fisher v. State, 108 Tex. Cr. R. 332, 1 S. W. (2d) 301; Elizondo v. State, 130 Tex. Cr. R. 393, 94 S. W. (2d) 457.

We have again examined the record in the light of appellant's contention that we erred in holding the facts sufficient to support the conviction. We remain convinced of the correctness of the conclusion reached originally—especially in view of the holding in the case of Fletcher v. State, 179 S. W. 879, 77 Tex. Cr. R. 541, cited in our original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.