## VERNITA THOMAS V. STATE

No. 28,315. May 30, 1956.

O. M. Street, Dallas, for appellant.

Henry Wade, Criminal District Attorney, George P. Blackburn, Harold G. Clark, Jr., and Frank W. Watts, Assistants Criminal District Attorney, Dallas, and Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for procuring; the punishment, six months in jail and a fine of $100.

Officer King, assigned to the vice squad of the Dallas Police Department, and his partner Officer Brumley received information that a prostitute might be secured at a certain address in Dallas and proceeded to said place.

Arriving there Officer King asked an unidentified person about a prostitute and was told to go around in the back and talk to "Vernita." He drove to the rear and found appellant, Vernita Thomas.

According to the testimony of Officer King, he told appellant he was looking for a "hook-up" and she said that she would have to get a woman for him; she went to the door and called "Tits" and motioned for a woman walking on the opposite side of the street and told her to come to where they were.

When the girl arrived appellant, according to Officer King, told her that he was looking for a girl, wanted a date, and the girl stated in the presence of appellant that she could take care of him and offered to have sexual intercourse with him for $4.00. Thereupon Officer King identified himself as an officer, placed appellant and the girl under arrest and called his partner.

Appellant testified that when the man she afterward learned was Officer King arrived he asked "Where is Tits?" and when he saw her up the street he asked appellant to call her.

Appellant further testified that Officer King said nothing about wanting a date and denied that she heard his conversation with the girl.

The issues of fact were for the jury and were decided favorably to the state.

The testimony of the officer as to the meaning of "hook-up" as he used the term was not improper, and the facts testified to by the officer are sufficient to show that appellant so understood the term also.

We overrule the contentions that the evidence shows entrapment and that Officer King was an accomplice witness.

The testimony to the effect that the officers had information that prostitution was being practiced and a prostitute could be secured at the address where appellant was found was admitted as showing that the officers' purpose in going there was to obtain evidence against anyone engaging in such unlawful practice, and the officers testified that such was their purpose.

Appellant, on the other hand, did not claim that she was induced to commit an offense which she would not otherwise have committed. According to her testimony the officer did not inform her that he wanted a girl or a "hook-up" and that she thought he was a bill collector when he asked for "Tits" and asked her to call "Tits."

The recent case of Cooper v. State, 162 Tex. Cr. Rep. 624, 288 S.W. 2d 762, does not support appellant's contention.

The fact that the officer furnishes an opportunity to the accused to commit the offense does not alone constitute entrapment. Cliff v. State, 144 Tex. Cr. R. 340, 162 S.W. 2d 712; Brown v. State, 162 Tex. Cr. Rep. 85, 282 S.W. 2d 224. There is no evidence here that appellant was induced to act in a manner in which she would not have acted except for such inducement.

The facts merely show that the officers were by artifice attempting to catch whoever was engaged in and abetting prostitution, and appellant proved to be one of such persons.

The judgment is affirmed.

DAVIDSON, Judge, concurring.

In the case of Cooper v. State, 162 Tex. Cr. R. 624, 288 S.W. 2d 762 (state's motion for rehearing overruled April 4, 1956), my brethren held that where a peace officer is guilty of entrapping another into committing a crime no offense has been committed and that neither the officer nor the other person may be punished therefor. To that holding, I entered my solemn protest.

Now, within less than two months after that opinion was delivered, my brethren are here holding the exact contrary of their holding in the Cooper case.

Here, the appellant was not the prostitute. Her only connection with the transaction was to introduce the officer to the prostitute who consented to engage in an act of sexual intercourse with the officer. It was the prostitute whom the officer was dealing with—not the appellant.

Clearly, under the holding in the Cooper case, neither the officer nor the prostitute had committed any offense, for the officer had entrapped her into that offense, notwithstanding which this appellant is convicted of bringing the officer and the prostitute together.

So, we have a very peculiar situation wherein the principals are guilty of no crime, yet the person who is guilty of bringing them together—and to that extent is acting with them—is guilty of violating the law.

If the Cooper case is good law, why not follow it? If it is not to be followed, overrule it.

The affirmance of this case is in accord with my dissenting opinion in the Cooper case, and I therefore concur in the judgment of affirmance.