**Douglas Lee GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42592.

Court of Criminal Appeals of Texas.

Feb. 18, 1970.

Howard B. Law, Donald R. Scoggins, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, James P. Finstrom, Jim Ramsey and Russell Ormesher, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, 25 years.

The jury rejected appellant's plea of self defense and his application for probation.

The sole ground of error set forth in appellant's brief is:

"THIS APPELLANT WAS DENIED A FAIR TRIAL BY THE TRIAL COURT'S ALLOWING THE STATE'S ATTORNEY TO DISPLAY AN IN-ADMISSIBLE KNIFE TO THE JURY AND BY PERMITTING TESTI-MONY WHICH WAS OF NO PRO-BATIVE VALUE AND SERVED ONLY TO INFLAME THE MINDS OF THE JURORS AND PREJUDICE THIS APPELLANT WITHOUT RE-GARD TO THE FACTS."

The knife used in the stabbing was not recovered. The knife referred to in the ground of error was marked as an exhibit and was shown to state's witnesses Glen Littles and the complaining witness from whom testimony was elicited that it appeared to be the kind of knife they saw appellant use in stabbing the complaining witness.

There was no objection in regard to the exhibiting of the knife to these witnesses or to their testimony.

Later in the trial the knife was exhibited to the father of the injured party, another state's witness, and testimony was elicited from him by the state that State's Exhibit No. 1 was not a knife that anybody found on appellant but was the knife he had bought after having it described to him, whereupon the following occurred.

"MR. LAW: (Attorney for Appellant) Your Honor, in view of this testimony, we're going to ask the Court, request the Court to withdraw this as an exhibit and instruct the jury not to—

"THE COURT: It hasn't been offered.

"MR. RAMSEY: It hasn't been offered, Your Honor.

"THE COURT: Two witnesses testified that it appeared to be like it.

"MR. LAW: We ask the Court to instruct the jury to disregard it and—

"THE COURT: They don't consider the evidence until it's admitted into evidence, of course.

"MR. RAMSEY: We don't plan to offer it as evidence."

The knife exhibited to the witnesses was not admitted in evidence. It is not a part of the record on appeal. It is described in the record only as "a banana knife" and as "a vegetable knife."

That such a knife was seen by the jurors is shown only as an inference from the fact that it was shown to the witnesses.

 While we cannot commend the procedure in regard to the knife, in the absence of further objection or motion for mistrial, we find no reversible error.

Insofar as the ground of error may relate to other testimony of the father of the prosecuting witness as to his son's condition and treatment at the hospital following the stabbing, given after the testimony of the complaining witness which appellant's brief states "was not objected to and was clearly admissible" and "clearly ample to show the extent of his injuries," the fact that the testimony of the father of the prosecuting witness may have been surplusage in view of his son's testimony did not render it inadmissible.

We further note that the only testimony elicited from the father following an adverse ruling on objection of defense counsel was that he saw a "dark blood liquid" come from the wound, "just a trail across the side of his stomach" when the doctor mashed down on the area surrounding the wound.

The ground of error is overruled.

No reversible error appearing, the judgment is affirmed.

MORRISON, J., not participating.