Gilbert Gille BRITO, Appellant,

v.

The STATE of Texas, Appellee.

No. 43129.

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

Rehearing Denied Dec. 9, 1970.

Melvyn Carson Bruder, Dallas, Court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is assault with intent to rape; the punishment, 20 years.

The offense was alleged and shown to have occurred on March 24, 1968. Appellant's trial concluded on July 17, 1968, but the appellate record did not reach this court until May 12, 1970, almost 22 months after trial.

The sufficiency of the evidence is not challenged and we do not deem a recitation of the facts essential to the proper disposition of this cause.

At the outset the appellant accuses the prosecutor of bad faith and misconduct in exhibiting to the jury a flashlight, knowing the same was not admissible or relevant evidence and resulting in prejudice and harm.

It is an undisputed fact from the testimony of the complaining witness as well as the appellant himself that he repeatedly struck her in the head with a flashlight. She testified State's Exhibit #4 appeared to be the same or similar to the flashlight with which she was struck. When she admitted that she could not testify it was the exact one, its admission into evidence was objected to on the basis that no chain of custody had been shown. At this juncture the offer of the exhibit was withdrawn by the State with the prosecutor stating it "would be a point later in our case." At the time, the trial judge expressed his opinion that the flashlight was admissible. When shown State's Exhibit #3, a photo of the creek bed in the park where the alleged offense took place, the appellant acknowledged that it depicted a flashlight lying in the creek bed. Then, apparently re-

ferring to State's Exhibit #4, the prosecutor asked:

"Q. It is this flashlight, isn't it? (Indicating)

"A. It was pointed at the end, the one I had."

We do not feel Rhodes v. State, Tex.Cr. App., 427 S.W.2d 889, is controlling as urged by the State. In Rhodes, the knife in question was found on the defendant's person and the chain of custody was established which was in addition to the testimony of an eye witness that such knife appeared to be the same as used by the defendant at the time of the alleged offense. Where or how State's Exhibit #4 was obtained by the prosecution is not revealed by the record in the instant case. Whether a flashlight, fitting the description given by the complaining witness or other eye witnesses, was purchased or otherwise secured by the State, or whether the flashlight was recovered from the creek bed where testimony reflects it was dropped, is not revealed by this record. We cannot conclude, however, in light of the particular circumstances presented, that the State was guilty of misconduct or acted in bad faith. See Ortega v. State (No. 43,084). Cf. Grant v. State, Tex.Cr.App., 450 S.W.2d 642.

■ Next, appellant complains the trial court erred in failing to grant a mistrial upon request "when on two occasions the prosecutor improperly asked the appellant if he were not an opprobrious person."

Although the complaining witness, 13 years old at the time of the alleged offense, denied the statement, the 18 year old appellant testified that when he approached and asked her if she wanted to "f___" she had said no and called him a dirty Mexican. It was for this reason on direct examination that he repeatedly claimed he struck her with a flashlight, hit her with his fists and kicked her with his feet and not because she resisted his advances.

On cross-examination the prosecutor inquired:

"Q. And when she said no, you beat her up?

"A. But, she told me I was a dirty Mexican.

"Q. In fact, she was right, wasn't she?"

Appellant's motion for a mistrial was overruled but his objection to the question asked was sustained. There was no request to instruct the jury to disregard the question asked.

Thereafter the prosecutor developed, without objection, that appellant, who had a Latin surname, also had oil or grease on his clothes at the time since he had worked "on a car" during the particular weekend. Other testimony revealed he had been drinking heavily during the weekend and sleeping at his uncle's house near the park where the offense occurred.

Appellant further claims that subsequently the prosecutor inquired on cross-examination:

"Q. What do you have on your hands there, Gilbert?

"MR. SCOGGINS (Defense Counsel) We object to that, judge. His physical appearance has no relevance on the charge to assault with intent to rape.

"THE COURT: Objection sustained.

"Q. Do you know what a pachuca is, Gilbert?

"A. You think I am one, I am not.

"Q. No matter what you've got on your hand?

"A. If I got ------

"MR. SCOGGINS (Defense Counsel): Your Honor, we object to that. You sustained the objection and he is trying to get it in some other way.

"THE COURT: Objection sustained.

"MR. VALVOORD (Prosecutor): I didn't say that, I am just asking him now. I have no further questions of this witness."

No further relief was requested by the appellant.

Assuming that the two pronged ground of error is in compliance with Article 40.-09, Sec. 9, Vernon's Ann.C.C.P., we do not perceive, under the facts presented, any error calling for reversal.

■ In his third ground of error appellant contends the court erred in refusing his requests for "an attachment of a witness" previously subpoenaed and served, and in overruling at the same time appellant's motion for continuance based on the absence of the witness for whom the attachment was sought.

The record shows that the indictment was presented on April 29, 1968, and the case was set and passed on May 13, 1968, and June 10, 1968. Appellant's first motion for continuance was overruled on July 15, 1968, and the jury was empaneled on that date. Also, on the day the trial commenced the appellant for the first time had a subpoena issued for Jimmy Ybarra who was his companion at the time of the alleged offense. The subpoena commanded the witness to be present at 9 a. m. on July 16, 1968. The return on such subpoena reflects it was served upon Ybarra at 12:50 p. m. on July 16. At the conclusion of the testimony at the guilt stage of the trial the appellant requested an attachment noting that the witness Ybarra had been served but was not present. The court refused the attachment noting the witness was a juvenile, had no attorney to advise him and that "any testimony given by him would obviously incriminate him." The second motion for continuance was then filed by the appellant. It generally alleged Ybarra would testify that the assault upon the prosecutrix was committed after provocation and the appellant made no attempt to have carnal knowledge of her. There was not attached to such motion an affidavit of such witness as to what he would testify if present nor was the failure to obtain such an affidavit accounted for. No proof was offered in support of such motion. It was overruled.

On July 19, 1968, the appellant filed a motion for new trial complaining of the court's refusal to issue the attachment. The amended motion for new trial subsequently abandoned such ground. To neither motion was there attached an affidavit of the witness nor was there a showing made under oath as to what he would have testified if called by the appellant. Thus the court did not err in denying the motion for continuance. Cf. Palasota v. State, Tex.Cr.App., 460 S.W.2d 137; 1 Branch's Ann.P.C., 2d ed., Sec. 357.

Further, Article 29.13, V.A.C.C.P., reads:

"A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had."

■ Normally, a defendant is entitled to an attachment as a matter of right. See Homan v. State, 23 Tex.App. 212, 4 S. W. 575; 61 Tex.Jur.2d, Witnesses, Sec. 15, p. 539. Assuming that this appellant was entitled to an attachment despite the delayed service of the subpoena, we perceive no reversible error, however, since there is no showing made that if the attachment had been issued Ybarra would have testified for the appellant and no showing as to what he would have testified.

It is true that Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, held that the right of the accused to have compulsory process for obtaining witnesses in his behalf as guaranteed by the Sixth Amendment is so fundamental and essen-

tial to a fair trial that it is incorporated in the due process clause of the Fourteenth Amendment and is applicable to state trials.

In Washington when the co-defendant Fuller was not permitted to testify the defendant Washington perfected his bill of exception and showed what Fuller would testify to before the jury if allowed. It was undisputed that such testimony was relevant and material and that Fuller was physically and mentally capable of testifying to events he personally observed. There was no such showing made at any time by the appellant in the case as bar.

 If there be any constitutional error in this case because of the refusal of the request for attachment, we deem the same to be harmless constitutional error. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

Finding no reversible error, the judgment is affirmed.