**Jacob ROLLINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45413.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearing Denied Jan. 17, 1973.

———◆———

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Hut-

tash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of rape; punishment was assessed by the jury at fifty years.

Appellant's sole ground of error complains of the trial court's refusal to grant his "motion for continuance during the trial of this matter."

The record shows that after the state rested its case in chief the appellant made an *oral* motion for continuance,[1] stating:

" . . . and as reason for such would show that a subpoena has been issued on February 23rd for the appearance today of a Charles Williams, a witness who the defense feels his testimony would be vital and beneficial to the defendant in this cause. We would further show that the defense believes that the witness is in Dallas and which would be served shortly, and asks that the Court postpone the trial of this cause until said witness is brought to Court."

Article 29.13, Vernon's Ann.C.C.P., provides that:

"A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had."

The allegations in a motion for continuance or postponement are not self-proving. No affidavit appears in the record and there is no other proof showing what the absent witness would have testified to. The court did not abuse its dis-

1. See Articles 29.03, 29.06, and 29.08, V.A.C.C.P.

cretion in overruling the motion. Webb v. State, Tex.Cr.App., 460 S.W.2d 903; Brito v. State, Tex.Cr.App., 459 S.W.2d 834; see also, Corpus v. State, Tex.Cr.App., 463 S.W.2d 4.

Appellant's pro se brief asserts that the evidence does not show penetration. The record shows the following:

"Q. (By the Prosecuting Attorney) I am going to ask you after he (appellant) did that, after he pulled off your undergarments, if he did in fact have intercourse with you without your consent?

A. (Prosecutrix) Yes.

Q. And for the purposes of the record, as required by the law, did, in fact, his male private parts penetrate your female private parts?

A. Yes."

There being no reversible error, the judgment is affirmed.