Rafael GUERRERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 45314.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

**730**

Pena, McDonald & Gutierrez, by L. Aron Pena, Edinburg, Robert Nino, Houston, for appellant.

Oscar McInnis, Dist. Atty., and Thomas P. Berry, Asst. Dist. Atty., Hidalgo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of sale of a narcotic drug, to-wit: heroin. Punishment was assessed by the jury at eighteen years.

Initially, appellant contends that the trial court erred in overruling his mo-

tion to excuse five prospective jurors for cause after they allegedly expressed a prejudice against a probated sentence as a possible punishment. The voir dire examination was not transcribed and made a part of the record on appeal. The entire voir dire examination must be brought before this court in order to enable us to ascertain whether error has been shown. See, e. g., Wood v. State, 486 S.W.2d 771 (No. 45,227 Oct. 18, 1972); Longs v. State, Tex.Cr.App., 429 S.W.2d 157; McCullough v. State, Tex.Cr.App., 425 S.W.2d 359.

Appellant's second contention is that the evidence shows as a matter of law that he was entrapped into committing the offense.

The record reflects that on February 1, 1971, Officer Wilkins, an undercover agent for the narcotics section of the Texas Department of Public Safety, asked a suspected narcotics addict by the name of Escobedo where he could purchase "a gram of heroin." Escobedo, not knowing Wilkins' true identity as an undercover agent, took him to a used car lot in McAllen. Wilkins gave Escobedo $25.00 for the purchase. Escobedo, leaving Wilkins in the parked car, walked to the door of a trailer house located on the used car lot. There he talked with appellant who was standing in the door-way of the trailer house. From a distance of about thirty feet, Wilkins watched Escobedo hand appellant the $25.00. Appellant then stepped out of the door-way, picked up "a brown object about the size of a fist," and walked toward the front of the trailer house. He stopped momentarily to talk to another person and then continued walking to the front of the trailer where he dropped the brown object by the side of an old refrigerator. Appellant then reached down, as though to pick up the brown object, but instead picked up a small silver package which was under the refrigerator. He walked back to where Escobedo was waiting and placed the silver package in Escobedo's pocket. Escobedo then returned to the car where Wilkins was seated and handed the silver package

to him. Wilkins unwrapped the silver package and found only one-half gram of substance inside. Escobedo returned $12.50 to Wilkins and explained that appellant had "only one-half gram left."

The chain of custody of the substance was established and the chemist testified that the substance was heroin.

"It appears to be well established that the factual issue of entrapment is a question for the jury, unless as a matter of law the accused has established beyond a reasonable doubt he was entrapped."

Jones v. State, Tex.Cr.App., 427 S.W.2d 616. See Accardi v. United States, (5th Cir.) 257 F.2d 168; Demos v. United States (5th Cir.), 205 F.2d 596. See generally, 17 Baylor Law Review 426. In determining whether entrapment has been established as a matter of law, the court must consider not only the predisposition of the accused but weigh also the conduct of law enforcement agents, which conduct must not fall below reasonable standards of the proper use of governmental power in law enforcement. Jones v. State, supra. In this regard, it is noted that the evidence reveals nothing of the predisposition of the appellant and shows no questionable conduct on the part of the undercover agent. See Walker v. United States (5th Cir.), 285 F.2d 52; Accardi v. United States, supra. The evidence does not show, as a matter of law, that appellant was entrapped. Vera v. State, Tex.Cr.App. 473 S.W.2d 22; Jones v. State, supra. See also, Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; Godin v. State, Tex.Cr.App., 441 S.W.2d 196.

Further, the trial court did not err in refusing the requested charge on entrapment. It is fundamental that before a charge is required, a fact question must be raised by the evidence. There must be a question as to in whose mind the intent originated *and* a question as to whether the accused was induced to act. Sutton v.

State, 170 Tex.Cr.R. 617, 343 S.W.2d 452; Cooper v. State, 162 Tex.Cr.R. 624, 288 S. W.2d 762. Without evidence of inducement, entrapment is not raised. Thomas v. State, 163 Tex.Cr.R. 308, 290 S.W.2d 680; Brown v. State, 162 Tex.Cr.R. 85, 282 S.W.2d 224; Jones v. State, supra; Cliff v. State, 144 Tex.Cr.R. 340, 162 S. F.2d 712. The evidence before us reflects that the agent merely furnished the appellant the opportunity to sell heroin. There is no evidence that appellant was induced to act in a manner he would not have acted otherwise.

Next, it is asserted that the trial court erred in refusing to compel the testimony of Escobedo.

After the state rested its case, appellant called as a witness Escobedo, and the following colloquy occurred:

"Q. (By Appellant's Counsel) You were sworn yesterday?

A. Yes sir. I was sworn yesterday.

Q. All right. What is your name?

A. · Juan FORTUNATO Escobedo.

Q. Mr. Escobedo, where are you from?

A. I was told by my attorney not to answer anything unless he was present.

COURT: Counsel, I was going to say something about that. Who is his attorney?

PROSECUTING ATTORNEY: Mr. Raul Longoria.

APPELLANT'S COUNSEL: Your Honor, I am surprised because yesterday in the presence of the Sheriff he told me he would testify. He gave me a statement and his testimony is certainly important."

■ The record reveals that Escobedo had eight indictments pending against him at the time of trial, each for possession and sale of heroin. It is further revealed, through the testimony of witness Wilkins, that one indictment "grew out of the same incident for which this defendant is now on trial." Clearly, the trial judge was correct in refusing to compel his testimony. Hall v. State, Tex.Cr.App. 475 S.W.2d 778.

■ Appellant also complains of the trial court's refusal to grant a continuance until such time as witness Escobedo's lawyer could be present. Appellant asked for a continuance and pleaded surprise in that the day before trial the witness had agreed to testify and had given a sworn statement as to what his testimony would be.

Article 29.13, Vernon's Ann.C.C.P., provides:

"A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, *which no reasonable diligence could have anticipated,* the applicant is so taken by surprise that a fair trial cannot be had."

The record reflects that Escobedo was subpoenaed from the Hidalgo County Jail and questioned by appellant's counsel while in custody of the Sheriff. However, when asked by the trial judge whether he knew that Escobedo was under indictment and whether he was represented by counsel, appellant's counsel admitted that he had never asked. By the exercise of reasonable diligence, appellant's counsel could have anticipated the occurrence. It was further revealed that Escobedo was represented by Raul Longoria, a member of the Legislature, and since the Legislature was in session at the time, he would not be available for almost a month. A motion for continuance or postponement on the ground of surprise is addressed to the sound discretion of the trial court, and the failure to grant such a motion is not error unless there is a showing of abuse of discretion. No such abuse is shown herein. Rollins v.

State, 488 S.W.2d 429 (No. 45,413 Dec. 6, 1972); Baker v. State, Tex.Cr.App., 467 S.W.2d 428.

Complaint is made that the trial court committed reversible error by excluding the testimony of Sheriff Castaneda. Appellant called Sheriff Castaneda as a witness to testify as to what Escobedo told appellant's counsel the day before the trial. The witness was asked: ". . . did Juan Fortunato Escobedo tell you at anytime, or tell us at anytime, that he knew Rafael Guerrero?" An objection thereto was sustained as being hearsay. The trial court did not err by so ruling. See, Gibbs v. State, Tex.Cr.App., 468 S.W.2d 69. See also, 24 Tex.Jur.2d 51, Evidence, Section 557, Note 3, and cases cited therein.

Appellant contends that the trial court erred by receiving into evidence testimony of a pre-trial identification of appellant that was impermissibly suggestive and conducted in absence of counsel.

The record reveals that a positive in-court identification of appellant was made by Officer Wilkins. Appellant made no objection to this testimony. The state made no attempt to bolster such identification by offering testimony of another identification. However, on cross-examination, appellant elicited from the witness the fact that he had identified appellant the night he was arrested, after indictment, at the Edinburg Police Station, in a one-on-one confrontation at which time appellant was without counsel. We note that appellant made his objection to the testimony concerning the pre-trial identification only after he himself had placed it before the jury. See, Joshlin v. State, 488 S.W.2d 773 (1972); Martinez v. State, Tex.Cr. App., 437 S.W.2d 842. We note further

that appellant did not object to the in-court identification by a motion to suppress; he did not object when such was introduced at trial; he did not request a separate hearing on the matter; and he did not complain of the in-court identification in his motion for new trial. Nevertheless, we must determine whether due process has been denied the appellant.

An in-court identification of a defendant by a witness who has previously identified him in all illegal lineup, or in a confrontation that is impermissibly suggestive, is admissible if the state can demonstrate that the in-court identification was based upon observations of the defendant of independent origin. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149; Benson v. State, 487 S.W.2d 117 (No. 45,335 Nov. 29, 1972); Dorsey v. State, Tex.Cr.App., 485 S.W.2d 569; Martinez v. State, Tex.Cr.App., 437 S.W. 2d 842.

The record reflects that Officer Wilkins had ample opportunity to observe appellant under good lighting conditions for several minutes at the scene of the offense. Moreover, the record reflects that Officer Wilkins observed appellant with the specific purpose in mind to obtain an accurate description.[1] Further, Wilkins' identification of appellant in court was unequivocal both on direct examination and on cross-examination. We conclude that the evidence is sufficient to show that Wilkins' in-court identification of appellant was based, independently, on his observation of appellant at the scene of the offense. Benson v. State, supra; Dorsey v. State, supra; Ward v. State, Tex.Cr.App., 474 S. W.2d 471.

---

1. Officer Wilkins testified that he did not know the name of the person he observed selling the heroin to Escobedo and that he could not arrest him at the time because that would have exposed his true identity as an undercover agent. There-

fore, it was his specific intention to obtain an accurate description of the appellant, to give that description to police officers so that they might ascertain his name before he had a chance to leave the immediate area.

■ Appellant urges that the trial court committed reversible error in admitting into evidence his photograph that was taken the night he was arrested, on the grounds that it was the product of an unfair and improper lineup. Appellant argues that "on the night of arrest the agent was shown a photograph of defendant, which was admitted in evidence over the objection of defendant." However, the record reflects the following colloquy:

"Q. (By Counsel for Appellant) And, did you identify this defendant with the assistance of a photograph shown to you?

A. (Wilkins) No sir.

Q. Do you know if a photograph was taken of the defendant when he was mugged and booked in jail on March 31?

A. I know some pictures were taken of him, yes, sir."

The record reflects that the photograph was introduced to show that appellant had a mustache at the time of arrest; it in no way was connected to the pre-trial identification.

■ Finally, appellant contends that his retained counsel was ineffective. Counsel being retained, any claimed incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the state. Howard v. Beto, (5th Cir.) 375 F.2d 441; Lawson v. State, 467 S.W. 2d 486. This record does not support or reflect any willful misconduct by his employed counsel without appellant's knowledge which amounts to a breach of the legal duty of an attorney as is the test in such a case. Mills v. State, 483 S.W.2d 264; Trotter v. State, 471 S.W.2d 822.

No reversible error is shown. The judgment is affirmed.