Thomas Wesley **WATERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–87–00015–CR.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1987.

Frank Gelsone, Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## ORDER

CHAPA, Justice.

Appellant was convicted by a jury of the offense of robbery. Appellant plead true to the enhancement paragraph in the indictment and the jury assessed punishment at 37 years' confinement in the Texas Department of Corrections. We affirm the conviction.

Appellant's counsel has employed a novel appeal presentation. He contends

that his first point of error "is in fact arguable, and indeed reversible" but that "Points of Error Nos. 2, 3 and 4, constitute no reversible error" and are "without merit and frivolous." He has properly informed appellant of his right to review the record and file a *pro se* brief. No *pro se* brief has been filed. The brief, as pertains to the last three points, meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim. App.1969). The points will all be addressed, but the better practice would be to present an *Anders* brief only when all points are professionally found to be without merit.

The issues before us are:

1) whether the trial court erred in allowing an amendment of the indictment;

2) whether the trial court erred with the parole law instruction;

3) whether the evidence was sufficient to support the conviction; and

4) whether the trial court erred in allowing a demonstration before the jury.

Appellant initially complains that the trial court erred in permitting the State to amend the indictment after the trial commenced.

The record reflects that the trial commenced on January 5, 1987. On that date, the State's motion to amend the indictment was granted by the court over appellant's objection.

Prior to the amendment, the indictment alleged that appellant

    ... did then and there while in the course of committing theft of property, and with intent to obtain and maintain control of said property, intentionally and knowingly place JAMES MERRICK in fear of imminent bodily injury with a firearm, and the Defendant did then and

there use and exhibit a deadly weapon, namely, a firearm....

The amendment of the indictment permitted by the court deleted the words "with a firearm, and the defendant did then and there use and exhibit a deadly weapon, namely, a firearm." The appellant concedes that it was not error to delete "and the defendant did then and there use and exhibit a deadly weapon, namely, a firearm." The basis of appellant's appeal is the deletion of the words "with a firearm."

TEX.CODE CRIM.PROC.ANN. art. 28.-10(c) (Vernon Supp.1987) * provides:

    (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

■ Appellant concedes that the amended indictment does not charge an additional or different offense. However, appellant contends that his substantial rights were prejudiced by the amendment. Appellant argues that deleting "with a firearm" left an indictment which would have been susceptible to a motion to quash for failure to state the manner and means of the offense. *See Cruise v. State,* 587 S.W.2d 403 (Tex. Crim.App.1979). Appellant, failed to file a motion to quash the indictment and argues that a motion to quash was not an available remedy since the trial had already commenced. However, appellant also failed to request a continuance. Appellant relies on *Hughes v. State,* 561 S.W.2d 8 (Tex.Crim. App.1978) and *Trevino v. State,* 519 S.W.2d 864 (Tex.Crim.App.1975) in support of this proposition. *Hughes* and *Trevino,* only hold that nonjurisdictional defects in the indictment cannot be raised for the first time on appeal. Appellant cites no authority, and none is found, which sets a point in

---

* Both appellant and the State rely on the reasoning of *Burrell v. State,* 526 S.W.2d 799 (Tex. Crim.App.1975). *Burrell,* however, involved former TEX.CODE CRIM.PROC.ANN. art. 28.10, under which amendments of form and amendments of substance were treated differently. Article 28.10, as amended, now provides for identical treatment whether the amendment is

one of form or one of substance. Therefore, it is no longer necessary to determine whether the amendment is one of form or one of substance. The issue now is whether the amendment charges an additional or different offense or whether the substantial rights of the defendant are prejudiced.

time after which the trial court may no longer consider a motion to quash for insufficient notice. We hold that appellant should have moved for continuance and to quash the indictment as soon as the trial court allowed the trial amendment.

█ Even assuming that a motion to quash was not an available remedy in this case, we still believe that there was no reversible error shown. If a motion to quash was not an available remedy, the alleged prejudiced substantial right was appellant's constitutional right to adequate notice. The inquiry, then, is whether appellant had notice of the manner and means adequate to prepare his defense. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim. App.1986). Initially, we must decide whether the charging instrument failed to convey some requisite item of "notice" to appellant. If such "notice" was defective, then what impact, if any, did this have on appellant's ability to prepare his defense. Finally, how great was this impact. *Adams v. State*, 707 S.W.2d at 903.

During the hearing on the State's motion to dismiss part of the indictment, appellant made the following objection:

> The Defendant would assert that he is prejudiced by the State's action in dismissing what the Defendant believes to be an impossible burden based upon what we anticipate the state of the evidence will be, which [sic] that which has reference to a firearm.
>
> We note to the record that this is a retrial of this particular case. A mistrial developed in the original trial of the case and it is the Defendant's belief and assertion that the allegation with a firearm was a primary cause for the mistrial, for the jury being unable to reach a verdict for the first time. *We prepared our case with the idea in mind that the State would be unable again to prove that portion of the indictment* and we announced ready with that belief, that they—well, at the time that was the portion of the indictment. (emphasis added).
>
> *  *  *  *  *  *
>
> We would assert to the Court that the language 'with a firearm' is a burden the

State gave itself in the robbery indictment under Section 29.02. That is an impossible burden, that by allowing the State to withdraw those three words from this indictment, the State is being allowed to proceed on strictly a robbery charge that is less severe that [sic] the robbery charge.

> *  *  *  *  *  *
>
> It prejudices the Defendant because, as the record will show from the trial of the prior trial of this case, that [sic] there is arguably no evidence that a firearm was used by the Defendant or by whoever committed the robbery on the occasion.

Appellant failed to complain about a lack of notice, nor did he explain how the amendment resulted in his inability to properly prepare his defense. Instead, the objection demonstrated that appellant was fully prepared to contest the firearm allegation. The statement of facts reflect that the only manner and means established at trial involved the use of a firearm. We therefore fail to see how there was any impact on appellant's defense since appellant clearly demonstrated his preparedness on the only manner and means established at trial.

Furthermore, after the trial court allowed the amendment, appellant did not move for a continuance on the grounds of lack of notice, surprise, or otherwise. The record is also void of any post trial motions by appellant complaining of a lack of notice and explaining its prejudice to his substantial rights. We therefore hold that under the circumstances of this case the substantial rights of appellant were not prejudiced.

Further, the amendment taken in its entirety was merely an abandonment of the aggravating portion of the indictment. Such an abandonment has been held to be one of form which does not prejudice the accused and does not constitute reversible error under the prior art. 28.10. *Leonard v. State*, 481 S.W.2d 117 (Tex.Crim.App. 1972). The legislative history of amended art. 28.10 reveals the intention of the legislature to eliminate problems which had

arisen from amended indictments rather than to add additional circumstances from which reversible error could be found. Therefore, we see no reason for not following the *Leonard* holding under amended art. 28.10. Appellant's first point of error is overruled.

In his second point of error, appellant complains of the parole law instruction. Appellant, however, does not challenge the constitutionality of the instruction, so we need not address that issue.

■ Appellant contends that the trial court erred in charging the jury under TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(c) (Vernon Supp.1987), rather than under TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(b) (Vernon Supp.1987). No objection was made at the trial to the way the charge was submitted to the jury.

The only substantive difference in the two charges is the omission of the statement "or twenty years, whichever is less." Because appellant failed to object, we must determine whether the omission was so egregious and created such harm that appellant was not afforded a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). The record fails to indicate that the alleged error, if any, effected the sentence, and was therefore harmless. TEX.R.APP.P. 81. Appellant's second point of error is overruled.

In his next complaint, appellant attacks the sufficiency of the evidence identifying him as the one who committed the robbery.

■ The standard of review in both direct and circumstantial evidence cases requires that we examine the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App. 1984). In a trial by jury, consideration of conflicts or contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the

conviction. TEX.CODE CRIM.PROC. ANN. art. 36.13 (Vernon 1981) and 38.04 (Vernon 1979); *Bowden v. State*, 628 S.W. 2d 782, 784 (Tex.Crim.App.1982). Therefore, if there is any evidence in the record which, if believed by the jury, establishes beyond a reasonable doubt that appellant was the one who committed the offense, then the conviction will be upheld.

■ James Merrick, the victim in the case, testified as follows:

Q: Is the person who approached you on November 29, 1985 in your store and he threatened with what appeared to be—

MR. STEHLING: Objection to leading the witness, Your Honor.

THE COURT: Overruled.

Q: And he threatened you with what appeared to be a gun and he took the gun that you have testified, if that person is present in the courtroom today? [sic]

A: Yes, sir.

Q: Could you point him out for the jury, please?

A: That man right there.

MR. CURRY: I would like the record to reflect that the witness has identified the Defendant.

THE COURT: Any objection?

MR. STEHLING: No, sir.

THE COURT: The record may so reflect.

Applying the appropriate standard of review, we find that a rational trier of fact could have found that appellant was the one who committed the robbery. Appellant's third point of error is overruled.

■ In his final complaint, appellant contends that the trial court erred in allowing a demonstration of a handgun before the jury.

The victim testified that appellant protruded what appeared to be a gun from the pocket of a windbreaker. This verbal description of the gun and the windbreaker was demonstrated to the jury. It was made clear to the jury that neither the gun nor the windbreaker were being represented as the actual articles used in the robbery, but were only similar in appearance.

This type of demonstration is permissible. *Simmons v. State*, 622 S.W.2d 111, 112–114 (Tex.Crim.App.1981). Furthermore, error, if any, was not properly preserved. Appellant failed to request a limiting instruction, did not move for a mistrial and subsequently withdrew his objection. *Grant v. State*, 450 S.W.2d 642, 643 (Tex.Crim.App.1970). The point of error is overruled.

The judgment of the trial court is affirmed.