George TRINIDAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–00728–CR.

Court of Appeals of Texas, San Antonio.

May 21, 1997.

Jacob Bruce Henry, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant, George Trinidad ("Trinidad"), appeals his conviction for aggravated assault. In his sole point of error, Trinidad contends the trial court erred in refusing to issue a writ of attachment for two subpoenaed witnesses who failed to appear in court. We agree that the trial court reversibly erred in denying the attachment; therefore, we reverse the judgment of the trial court and remand the cause for a new trial.

## PROCEDURAL HISTORY

Trinidad's trial in the lower court commenced on July 15, 1996. At the end of the second day of trial, Trinidad's counsel requested an adjournment until the following day due to the unavailability of two witnesses. The trial court granted the requested adjournment.

The following day, Trinidad's counsel informed the trial court that the witnesses were not present in the courtroom despite having been served with subpoenas the previous evening. However, the trial court denied Trinidad's request for a writ of attachment stating that Trinidad failed to show a sufficient reason to delay the trial. Trinidad's counsel then dictated a motion for continuance into the record. The trial court denied the motion noting that Trinidad did not seek the court's assistance in securing the presence of the witnesses the previous day and that there had been more than sufficient time to subpoena witnesses while the case was pending.

## DISCUSSION

The following three requirements must be met in order to preserve error when a subpoenaed witness does not appear: (1) the party calling the witness must request a writ of attachment that must be denied by the trial court; (2) the party must show what the witness would have testified to; and (3) the testimony that would have been given must be relevant and material. *See Erwin v. State*, 729 S.W.2d 709, 714 (Tex.Crim.App. 1987); *see also Rodela v. State*, 829 S.W.2d 845, 848 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). If all three requirements are met, "reversible error will result 'unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or the punishment.'" *Erwin*, 729 S.W.2d at 714 (quoting TEX. R.APP.P. 81(b)(2)).

In the instant case, the absent witnesses were subpoenaed, Trinidad requested a writ of attachment that was denied by the trial court, and Trinidad established in a bill of exceptions what the absent witnesses would have testified to. *See Erwin*, 729 S.W.2d at 714 (establishing testimony of witness through bill of exceptions); *but see Brito v. State*, 459 S.W.2d 834, 837–38 (Tex. Crim.App.1970) (error not preserved where there was no showing of what absent witness's testimony would be in request for attachment, motion for continuance or motion for new trial). Therefore, Trinidad established the first two requirements necessary to preserve error regarding the denial of the writ of attachment. In order to determine whether the third requirement was met, i.e. whether the testimony of the absent witnesses was relevant and material, we must review the entire record.

The State sought to convict Trinidad of aggravated assault for shooting at two security guards. The State called the two security guards and two additional witnesses who testified that they heard shots fired at the security guards. In addition, the security guards testified that they saw a muzzle flash. The witnesses testified that Trinidad had something white wrapped around his hand. None of the witnesses actually saw a gun in Trinidad's hand, and no gun was recovered from the scene.

The defense called Trinidad's sister and mother as witnesses. Trinidad's sister testified that to the best of her knowledge, Trinidad did not own a gun. Trinidad's mother, who had been arguing with her son in the parking lot and on whose behalf the security guards sought to intervene, testified that Trinidad did not have a gun and never owned a gun.

In Trinidad's bill of exceptions, he established that one of the subpoenaed witnesses would have testified that she was two doors away from the location of the incident and, although she heard the argument between Trinidad and his mother, she never heard a gunshot. The other subpoenaed witness would have testified that he personally observed the alleged events but never saw a gun or a flash and never heard a gunshot. The second witness would have further testified that he told the security officers who later returned to look for a gun that there was no gun and there had been no gunshot.

In view of the foregoing, we conclude that the testimony of the two subpoenaed witnesses was relevant and material. In the absence of their testimony, the only defense witness able to counter the testimony of the State's witnesses regarding the gunshots was Trinidad's mother. Given her relationship to Trinidad, her credibility was subject to greater question than the two security officers and the two disinterested witnesses who testified for the State.

Since we have concluded that the testimony of the two subpoenaed witnesses was relevant and material, we find that Trinidad has satisfied the three requirements necessary to preserve error in connection with the trial court's refusal to issue the writ of attachment. Given the disinterested status of the two subpoenaed witnesses, we cannot determine beyond a reasonable doubt that the inability to present their testimony made no contribution to the conviction. Therefore, the error was reversible.

■ The State contends that the attachment issue is moot because the trial court properly denied Trinidad's motion for continuance. We disagree. The attachment issue is separate from the issue of continuance.[1] *See Erwin,* 729 S.W.2d at 713 n. 2; *see also Gentry v. State,* 770 S.W.2d 780, 787–88 (Tex. Crim.App.1988) (analyzing denial of request for writ of attachment separate from denial of motion for continuance), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1013 (1989). Because the trial court reversibly erred in denying Trinidad's request for a writ of attachment for the two subpoenaed witnesses that did not appear to testify, we reverse the judgment of the trial court and remand the cause for a new trial.

---

1. Although we agree with the State that an earlier opinion by the Texas Court of Criminal Appeals can be read to require a proper motion for continuance and motion for new trial in order to preserve error with respect to the denial of the attachment, *see Willis v. State,* 626 S.W.2d 500, 503 (Tex.Crim.App.1979), we believe the three part procedure to preserve error adopted in *Erwin* supplants the procedure set forth in *Willis.*