**Leeroy FLETCHER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00796–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1995.

Discretionary Review Refused
Sept. 20, 1995.

Kimberly J. Barton, Houston, for appellant.

John B. Holmes, Jr., Julie Klibert, Sandra Cawley, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

O'CONNOR, Judge.

A jury found the appellant, Leeroy Fletcher, Jr., guilty of aggravated robbery. The trial court assessed punishment at 40 years in prison. On appeal, the appellant complains of the State's failure to prove the allegations in the indictment, the sufficiency of the evidence, the admission of certain evidence, and an error in the jury charge. We affirm.

### Facts

On April 1, 1994, the complainant, Rosa Jones, was working at the Montgomery Wards Department Store in Northline Mall. At about 9:15 p.m., she left the store through the employees' exit located at the back of the store. She left alone carrying her keys, her cellular telephone, some papers in a manilla folder, and her purse. Her car was parked under a light in the parking lot. The only other car parked in that back lot was parked next to her car.

As the complainant approached her car, she heard a car coming behind her from the left. She turned around and saw a white car stop within six feet of her. The appellant got out of the front passenger seat, ran over to her, and held a gun to her face. The car stayed in the same place with the door open and the motor running. Appellant told her to give him her purse and her cellular telephone. The complainant gave him her cellular telephone. Before giving her purse to the appellant, she asked him if she could keep her driver's license. The appellant repeated his demand for the purse, put the gun closer to her face, and took it from her. The appellant then went back to the car, got in, and the car took off down a nearby street.

The complainant ran back into the store, and a security guard called 911. Houston Police Officer Guadalupe Martinez arrived about 15 or 20 minutes later. The complainant described the white car and the robber. A few days later, the complainant recovered her driver's license, credit cards, wallet, and checkbook from the white car when the car turned up at Shaver Toyota.

When the complainant received her cellular telephone bill, it showed two calls had been made from her telephone shortly after the robbery. She gave the telephone numbers to Houston Police Sergeant R.E. Wilkinson, a detective in the robbery division. Sergeant Wilkinson determined that the telephone numbers belonged to Robert Holmes, the appellant's cousin. The calls were placed to his residence before the telephone locked. Holmes testified that the appellant arrived at Holmes' house after 9:00 p.m. or 10:00 p.m. on the night of the robbery. He came to the house in a white car and was accompanied by two other men. The appellant had a cellular telephone with him.

After talking to Holmes, Sergeant Wilkinson placed the appellant's picture in a photo spread of six photographs and showed it to the complainant. She identified the appellant as the person who robbed her.

### Demonstrative evidence

In point of error three, the appellant contends the trial court erred in admitting into evidence State's exhibit numbers one and 1A because they were not relevant and were prejudicial.

State's exhibit number one was a firearm the State used as demonstrative evidence. The record shows that exhibit one was marked but not offered or admitted into evidence.[1] However, the State offered into evidence exhibit number 1A, a photograph of the firearm marked as exhibit number one. The appellant objected stating the evidence was not relevant. The trial court admitted exhibit number 1A for demonstrative purposes only.

It is within the trial court's discretion to admit into evidence a similar type weapon or instrument used in the commission of an offense. *Simmons v. State*, 622 S.W.2d 111, 113 (Tex.Crim.App.1981). The lack of positive identification of a weapon or instrumentality used during the commission

---

1. Exhibit one, the firearm, was not admitted into evidence. The appellant's complaint that exhibit one was admitted into evidence and allowed into the jury room during deliberations is, therefore, without merit.

of a crime affects its weight rather than its admissibility. *Id.* The introduction of a weapon submitted as "the same as," "like," or "comparable to" is admissible as demonstrative evidence to aid the jury in understanding oral testimony adduced at trial. *Id.* at 113–14; *Jackson v. State,* 772 S.W.2d 459, 466 (Tex.App.—Beaumont 1989, no pet.).

Courts have found the admission of weapons in cases similar to this case to be proper. *See, e.g., Lynn v. State,* 860 S.W.2d 599, 604 (Tex.App.—Corpus Christi 1993, pet. ref'd) (similar gun admissible to aid jury's determination of whether murder was accidental or willful); *Jackson,* 772 S.W.2d at 466 (gun similar to one used in aggravated robbery was admissible); *Posey v. State,* 763 S.W.2d 872, 875 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) (similar knife admissible in aggravated robbery case); *Toledo v. State,* 651 S.W.2d 382, 384 (Tex.App.—Fort Worth 1983, no pet.) (similar weapon admissible in aggravated rape case).

 Here, the complainant testified that exhibit one looked similar to the gun the appellant used during the robbery. On cross-examination, she reiterated that she was not saying exhibit one was the gun used during the robbery but just looked like it. When she offered the exhibit into evidence, the prosecutor stated that it was offered for demonstrative purposes as a weapon similar to the one the appellant used. The trial court stated that the exhibit would be used for demonstrative purposes only. Whether the appellant used a weapon during the robbery was relevant and an important issue in the case. The gun was relevant to aid the jury in understanding what type of weapon was used and in understanding the complainant's testimony. We find the trial court did not abuse its discretion in admitting the exhibit for demonstrative purposes.

The appellant's complaint that the trial court did not give a cautionary instruction to the jury that exhibit 1A was merely a model similar to the one used in the robbery is waived. The appellant did not ask the trial court to give such an instruction and therefore, has waived this complaint on appeal. TEX.R.APP.P. 52(a); *see Waters v.*

*State,* 743 S.W.2d 753, 758 (Tex.App.—San Antonio 1987, no pet.).

Finally, the appellant's complaint that the admission into evidence of exhibit 1A was unduly prejudicial is waived. The appellant objected at trial only to the relevancy of exhibit 1A, and not to the prejudicial effect of the evidence. An objection on appeal must comport with the objection at trial or error is waived. *McFarland v. State,* 845 S.W.2d 824, 838 (Tex.Crim.App.1992); *Taylor v. State,* 827 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

We overrule point of error three.

The remainder of this opinion does not meet standards for publication pursuant to TEX.R.APP.P. 90 and thus is ordered not published.

We affirm the trial court's judgment.