TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00303-CR






Kenneth Melvin Sheets, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0962545, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 A jury found appellant Kenneth Melvin Sheets guilty of aggravated robbery with a firearm. 
Tex. Penal Code Ann. § 29.03 (West 1994). The district court assessed punishment at imprisonment for
25 years. In three points of error, Sheets contends (1) the trial court erred in permitting the State to use
a similar weapon for demonstrative purposes, (2) the trial court erred in allowing the State to make an
improper jury argument, and (3) the evidence is insufficient to sustain his conviction. We will affirm the
judgment.


BACKGROUND


 In early May 1996, Sheets applied for a store clerk position at the Quix Food Mart in
Austin using a false name. He arrived for his first day at work, but left the store before completing his shift. 
On May 11, 1996, Sunny Caylor was the cashier on duty at the Quix Food Mart. She testified that Sheets
entered the store around 1:15 a.m. and asked to use the restroom. He then pulled a gun out of his pants
and ordered her into the cooler at the back of the store where he tied her up and then stole cash and money
orders before leaving. Caylor identified Sheets from the store's surveillance video.

 Caylor described the gun as "very, very long" and "scary-looking." She testified that she
"got a really good look at the gun." She was able to see the gun when Sheets pointed it directly at her and
that she "saw him askance, holding the gun" on the way to the cooler.

 Outside the presence of the jury, Caylor was questioned about a similar-looking gun she
picked out of the Austin Police Department's supply a few days before trial (the exhibit). She testified that
she picked out the exhibit because it was "closest in style and shape" to the gun Sheets used on May 11,
but she stated that the barrel was two-and-a-half inches shorter than the gun Sheets used and was missing
its clip. Sheets objected under Rule 403 to the admission of the exhibit for demonstrative purposes, which
the trial court overruled. Tex. R. Evid. 403. When the jury reconvened, Caylor testified that the exhibit she
picked out was similar to the one Sheets used, but that the barrel of the exhibit was two-and-a-half inches
shorter than Sheets's gun. Sheets did not object further to the use of the exhibit, nor did he request an
instruction regarding the State's use of the exhibit for demonstrative purposes.

 At trial, Sheets admitted the truth of every element in the indictment against him except the
use of a firearm. He testified that he used a dart gun to rob the store. Sheets introduced what he claimed
was an exact replica of the gun he used during the robbery which he testified he shoplifted from Wal-Mart
the night before the robbery. Sheets stated that he chose to use the dart gun because it looked real. On
cross-examination, he acknowledged that the barrel of the dart gun he introduced was four or more inches
shorter than the gun Caylor testified he used during the robbery.


DISCUSSION


Demonstrative evidence

 In his second point of error, Sheets complains that the trial court erred in permitting the
State to use the exhibit during Caylor's testimony because the jury was not instructed that the exhibit was
being used only for demonstrative purposes and because of the differences between the exhibit and
Caylor's description of the actual gun used during the robbery. At trial, Sheets objected to the use of the
exhibit under Rule 403, asserting only that its probative value was outweighed by unfair prejudice because
Caylor did not identify the exhibit until ten months after the robbery. 

 The trial court has the discretion to admit into evidence a weapon similar to the one
allegedly used in the commission of an offense. Simmons v. State, 622 S.W.2d 111, 113 (Tex. Crim.
App. 1981). "The introduction of a weapon submitted as 'the same as,' 'like,' or 'comparable to' is
admissible as demonstrative evidence to aid the jury in understanding oral testimony adduced at trial." 
Fletcher v. State, 902 S.W.2d 165, 166 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd); see also
Simmons, 622 S.W.2d at 113-14.

 Caylor testified that the exhibit was very close to the gun Sheets used during the robbery. 
She described in detail the differences between the exhibit and the gun she saw during the robbery,
including the length of the barrel and the inclusion of the clip. On cross-examination, she stated that the
exhibit was not the same gun that was used during the robbery. Whether Sheets used a weapon during the
robbery was relevant and an important issue in the case. Thus, the exhibit was relevant to aid the jury in
understanding what type of weapon was used and in understanding Caylor's testimony. Further, Sheets
was able to admit an exhibit demonstrating what he claimed was the "weapon" he used during the offense. 
We conclude the trial court did not abuse its discretion in admitting the State's exhibit for demonstrative
purposes. Moreover, Sheets's complaint that the trial court did not give a cautionary instruction to the jury
that the exhibit was demonstrative is waived. Sheets did not ask the trial court to give such an instruction,
and therefore, he has waived this complaint on appeal. Tex. R. App. P. 33.1; see also Simmons, 902
S.W.2d at 166; Waters v. State, 743 S.W.2d 753, 758 (Tex. App.--San Antonio 1987, no pet.).

 Sheets only objected under Rule 403 to the fact that Caylor did not identify the exhibit until
ten months after the robbery. On appeal, Sheets complains that the exhibit was prejudicial because of the
differences between it and the actual gun used during the robbery. An objection on appeal must comport
with the objection at trial or error is waived. McFarland v. State, 845 S.W.2d 824, 838 (Tex. Crim.
App. 1992), cert. denied, 508 U.S. 963 (1993). We overrule point of error two.


Jury argument

 At trial, Sheets every element of the offense alleged against him in the indictment except
that he used and exhibited a firearm. In point of error three, Sheets contends that the trial court committed
reversible error by allowing the prosecutor to make an improper jury argument over his objection on two
occasions. Sheets's objection to the first statement was overruled by the trial court:


[PROSECUTOR]: One of the things that we as a community don't want is -- and what
is so absurd--is to believe that people can go into convenience stores --


[DEFENDANT]: Judge, I need to object to community expectations.


THE COURT: Overruled.



Sheets's second objection was never ruled upon by the trial court, but the court did instruct the jury to
disregard the prosecutor's statement: 


[PROSECUTOR]: And now he's trying to say it was a toy. That's just not what we are
going to accept in this society.


THE COURT: Two minutes.


[DEFENDANT]: Judge, I'm going to renew my objection. May I approach the bench?


. . . .


[DEFENDANT]: Judge, [the Prosecutor] has made reference to what society expects
twice now. There's case law that's clear that that is absolutely improper, referring to what
society expects.


[PROSECUTOR]: Your Honor, this was a plea for law enforcement --


THE COURT: You can make a proper plea for law enforcement, but you can't tell the
jury that the community expects a certain decision.


. . . .


THE COURT: Ladies and gentlemen of the jury, you will disregard the last comment of
the district attorney and not consider it for any purpose.



Sheets made no further objections to the prosecutor's jury argument.

 Courts have held that an argument designed to induce the jury to convict the accused based
upon community sentiment is improper because it calls for a verdict based on emotion, denying the
defendant's fundamental due process protection. Goff v. State, 794 S.W.2d 126, 127 (Tex.
App.--Austin 1990, pet. ref'd) (citing Cortez v. State, 683 S.W.2d 419, 420-21 (Tex. Crim. App.
1984)). "However, not every reference to the community made in closing argument by a prosecutor
constitutes an improper appeal to community desires." Id. In the cases where the court has concluded that
the argument was improper, the prosecutor's error was in arguing that, regardless of the evidence or the
law, the jury should find the defendant guilty because the community desires it. Id. Looking at the
prosecutor's argument as a whole, we conclude that the statements to which Sheets objected did not
contain an implication that the jury should disregard the evidence and should convict based solely on the
community's desire. Id. at 128.

 Furthermore, as to the prosecutor's second statement, we conclude that the trial court
sufficiently cured any error by instructing the jury to disregard the prosecutor's statement. See Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). In addition, any error in the arguments was
harmless, especially in light of Sheets's admission of guilt as to all the elements of the offense except the use
of a firearm. See Tex. R. App. P. 44.2. "An improper argument constitutes reversible error when in light
of the record as a whole it was extreme or manifestly improper, violative of a mandatory statute, or injected
new facts harmful to the accused into the trial proceedings." Borjan v. State, 787 S.W.2d 53, 56-57
(Tex. Crim. App. 1990). After reviewing the record, we conclude that the arguments in question had no
impact on the jury's verdict 'in the light of the existence of the other evidence.'" Id. (citing Orona v. State,
791 S.W.2d 125, 130 (Tex. Crim. App. 1990)). We overrule point of error three.


Factual sufficiency

 Finally, in point of error one, Sheets contends that the evidence is factually insufficient to
sustain his conviction. He argues that no reasonable trier of fact could find that he used a firearm in the
commission of the robbery based upon the testimony of a witness, Caylor, who has no expertise or
familiarity with the subject of firearms.

 In a challenge to the review of the factual sufficiency of the evidence, this Court can only
set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be manifestly
unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Sheets admitted robbing
the Quix Food Mart, but testified that he only used a dart gun during the commission of the offense. Thus,
the only issue for the jury to decide was whether the gun Sheets used was a firearm as alleged in the
indictment. Caylor's testimony provided an extremely detailed account of the crime, including a description
of the gun and the manner in which Sheets used it. Caylor testified that she "got a really good look at the
gun." She identified the exhibit as very close to what Sheets used in the robbery, but she pointed out to
the jury that the barrel of the gun Sheets used was two-and-one-half inches longer than the exhibit. She
then described how Sheets pulled the gun out of his pants, how he held the gun, and how he used it. 
Considering all the evidence before the jury, we conclude that a reasonable jury could have found that
Sheets used a firearm in the commission of the robbery as alleged in the indictment. Accordingly, we hold
that the verdict is not so contrary to the overwhelming weight of the evidence as to be manifestly unjust. 
We overrule point of error one.


CONCLUSION


 Having overruled all points of error, we affirm the judgment of conviction.



 

 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: August 13, 1998

Do Not Publish



. . . .


THE COURT: Ladies and gentlemen of the jury, you will disregard the last comment of
the district attorney and not consider it for any purpose.



Sheets made no further objections to the prosecutor's jury argument.

 Courts have held that an argument designed to induce the jury to convict the accused based
upon community sentiment is improper because it calls fo