Opinion issued on June 6, 2002 

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00288-CR






ALBERT GENE JOHNSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 853371






O P I N I O N

 

 A jury found appellant, Albert Gene Johnson, guilty of aggravated assault. 
After appellant pled true to two enhancement paragraphs, the jury assessed
punishment at 35 years. On appeal, appellant claims that (1) his right to confrontation
was violated when the trial court refused to let his counsel impeach the complainant,
Gary Cook, with his prior criminal record, and (2) the prosecutor's improper closing
argument during the punishment stage requires a reversal of his conviction. We
affirm.

Factual Background

 On August 19, 2000, Monica Thomas and her three children were visiting her
mother, Peggy Roots, at her apartment, along with appellant and his children. 
Thomas testified that during her visit, one of appellant's children said something to
her oldest son, and appellant came up to her son and looked like he was about to fight
him. Thomas testified that she pushed appellant back and told him to get out of her
son's "face." Thomas then called the complainant, Gary Cook, who was her son's
father, and told him about the confrontation. She then contacted the police. 

 After getting off the phone with Thomas, Cook asked his friend, Anthony
Jones, to drive him to the apartment where Thomas was. When Cook arrived at the
apartment complex, he talked to his son about the altercation, and then went into the
apartment to confront appellant. After appellant and Cook had a heated verbal
altercation, Peggy Roots asked both men to leave. As Cook was leaving the
apartment, appellant said to Cook, "You are going to respect me."

 A few minutes later, when Cook was attempting to leave the apartment
complex, he heard his friend Jones yell, "Run." Cook testified that when he glanced
back, he saw appellant coming out of his truck with something in his hand. Cook ran
a few steps, heard a gun shot, and then realized that he had been shot.

 Officer R.J. Robinson testified that when he pulled up to the entrance of the
apartment complex, he heard a gunshot, and saw Cook running toward him. He
observed that Cook had been shot on the right side of his head and immediately
requested an ambulance. Officer Robinson entered the apartment complex, where he
saw several children and adults yelling and screaming. He asked them where the
shooter, was and they pointed to appellant's red pickup truck in the parking lot. 
Robinson proceeded to appellant's truck and saw appellant sitting with a shotgun in
his lap. After Robinson arrested appellant, he recovered the shotgun and one spent
round of ammunition.

Impeachment With Prior Criminal Record

 In his first, second, and fifth points of error, appellant claims the trial court
violated his right to confrontation under the United States and Texas Constitutions. (1) 
U.S. Const. amend. VI; Tex. Const. art I, § 10. Specifically, appellant contends that
the trial court abused its discretion by limiting his cross-examination of the
complainant, Gary Cook, by excluding evidence of Cook's two prior felony
convictions, which were more than 10 years old. Appellant argues that he should
have been allowed to impeach Cook with his remote convictions under rule 609 of
the Texas Rules of Evidence. Tex. R. Evid. 609(a), (b). 

 Whether to admit remote convictions under rule 609 lies within the trial court's
discretion and depends on the facts and circumstance of each case. Lucas v. State,
791 S.W.2d 35, 51 (Tex. Crim. App. 1989); Jackson v. State, 50 S.W.3d 579, 591
(Tex. App.--Fort Worth 2001, pet. ref'd). 

 Rule 609 provides:

 (a) General Rule. For the purpose of attacking the
credibility of a witness, evidence that the witness has been
convicted of a crime shall be admitted if elicited from the
witness or established by public record but only if the
crime was a felony or involved moral turpitude . . . and the
court determines that the probative value of admitting this
evidence outweighs its prejudicial effect to a party.


 (b) Time Limit. Evidence of a conviction under this rule is
not admissible if a period of more than ten years has
elapsed since the date of the conviction or of the release of
the witness from the confinement imposed for that
conviction, whichever is the later date, unless the court
determines, in the interest of justice, that the probative
value of the conviction supported by specific facts and
circumstances substantially outweighs its prejudicial effect.


Tex. R. Evid. 609(a), (b). 

 In Hernandez v. State, this Court held that when evaluating a complaint about
the admission or exclusion of a prior conviction, an appellate court has the following
options:

 (1) it may find that the prior conviction is not remote (less than 10 years old)
and analyze its evidentiary impact under 609(a) and Theus v. State, 845 S.W.2d
874 (Tex. Crim. App. 1992);


 (2) it may find that it is more than 10 years old but that subsequent convictions
of felonies or misdemeanors involving moral turpitude remove the taint of its
distance. Under that circumstance, the 609(a) standard is appropriate because
the 'tacking' of the intervening convictions causes a conviction older than 10
years to be treated as not remote; or


 (3) the court may find that the prior conviction is remote but that under 609(b)
its probative value substantially outweighs its prejudicial effect.


976 S.W.2d 753, 755-56 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd).


 As the proponent of the evidence, appellant was required to supply this court
with a record that demonstrates why Cook's prior convictions are admissible. See
Theus, 845 S.W.2d at 880 (holding that burden of proof is on party urging admission
of prior conviction for impeachment). As previously discussed, under rule 609,
before we can determine whether Cook's prior convictions were admissible, the
record must demonstrate (1) the date of Cook's convictions and (2) when Cook was
released from confinement for those convictions. See Tex. R. Evid. 609 (b). For
purposes of our review, the later of these dates will determine which standard we
apply to the trial court's decision to admit or exclude the evidence. See Tex. R. Evid.
609 (b); Hernandez, 976 S.W.2d at 755-56.

 In this case, the record is silent regarding the date Cook was convicted or
whether he received jail time for his prior convictions. Appellant did not make an
offer of proof or introduce into evidence a pen packet that would establish the
necessary dates for our review. Therefore, we cannot determine whether the trial
court abused its discretion. See Hernandez, 976 S.W.2d at 755-56.

 We overrule appellant's first, second, and fifth points of error.

Impeachment With Deferred Adjudication

 In his third, fourth, and sixth points of error, appellant claims the trial court
erred by not allowing him to impeach Cook with the fact that he was on deferred
adjudication.

 According to the record, Cook was indicted in August 2000 for possession of
a controlled substance and placed on deferred adjudication. Before trial, appellant
told the trial court that he wanted to impeach Cook by showing that he was on
deferred adjudication. Appellant argued that "under 609, Judge, we're entitled for
impeachment to cross-examine [Cook]" with his criminal record. The trial judge
disagreed, and held that because Cook had not yet been found guilty, the evidence
was inadmissible under rule 609 of the Texas rules of evidence.

 As the circumstances described above demonstrate, appellant sought to utilize
Cook's deferred adjudication status to impeach Cook's credibility generally via rule
609. Appellant never attempted to introduce the evidence, despite rule 609, by
arguing that it purportedly exhibited a "vulnerable relationship" between Cook and
the State and, therefore, constituted evidence of motive, bias, or interest on behalf of
the State. (2) Instead, his argument at the trial court level was limited to admission via
Rule 609, and for the purpose of impeaching Cook with his prior criminal record. 

 Yet, on appeal, appellant argues that the trial court erred because the evidence
was admissible to show motive, bias, or interest in favor of the State, despite rule 609. 
In other words, appellant attempts to invoke the vulnerable relationship theory before
this Court without having mentioned it below. Having failed to assert the theory
below as a ground supporting admission of the evidence, we hold appellant waived
these points of error for appellate review. Tex. R. App. P. 33.1(a); Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App 1995) (holding grounds supporting an
objection below must comport with the grounds asserted on appeal); Fletcher v. State,
902 S.W.2d 165, 167 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd) (same).

 We overrule appellant third, fourth, and sixth points of error.

 Improper Jury Argument

 In his seventh point of error, appellant claims that because the prosecutor made
improper remarks during the punishment phase, his conviction should be reversed in
order to conduct a new punishment hearing.

 In order to complain on appeal about an erroneous jury argument, or that an
instruction to disregard could not have cured an erroneous jury argument, the
appellant must show he objected and pursued his objection to an adverse ruling. 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding defendant's
"right" not to be subjected to erroneous jury argument is one of those rights that is
forfeited by a failure to object); Bias v. State, 937 S.W.2d 141, 144 (Tex.
App.--Houston [1st Dist.] 1997, no pet.). 

 In this case, appellant never objected to any of the complained of arguments. 
Therefore, he waived this point of error. See Cockrell, 933 S.W.2d at 89.

 Accordingly, we overrule appellant's seventh point of error.

Conclusion

 We affirm the trial court's judgment.



 

 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Taft, and Price. (3)

Do not publish. Tex. R. App. P. 47.4.
1. Because there is no meaningful distinction between the confrontation clauses
in the United States and Texas Constitutions, we address appellant's points of
error together. See Lagrone v. State, 942 S.W.2d 602, 614 (Tex. Crim. App.
1997).
2. The "vulnerable relationship" concept was first addressed in Carroll v. State,
916 S.W.2d 494 (Tex. Crim. App. 1996), and describes a circumstance in
which the witness might be prone to testify in favor of the State in return for
leniency with the witness's current criminal charges. If such circumstance
exists, evidence of the same is admissible even though it does not involve a
final conviction. Maxwell v. State, 48 S.W.3d 196, 199-200 (Tex. Crim. App.
2001); Moreno v. State, 22 S.W.3d 482 (Tex. Crim. App. 1999). In Maxwell,
the court of criminal appeals held that evidence that would not be admissible
under rule 609, because the conviction was neither final, i.e. deferred
adjudication, a felony, nor one of moral turpitude, could be admissible if it
illustrated the requisite vulnerable relationship. 48 S.W.3d at 199-200. Under
Carroll, one attempting to gain the admission of evidence inadmissible under
rule 609 must invoke the vulnerable relationship theory in a manner that
reasonably informs the trial court of reliance upon that theory. Appellant did
not do this.
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.