Opinion issued June 9, 2005



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00732-CR
__________
 
BILLY RAY RISLEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 966,167
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Billy Ray Risley, guilty of the offense of aggravated
assault


 and, after finding true the allegations in two enhancement paragraphs that
appellant had two prior felony convictions, assessed his punishment at confinement
for 30 years. In three issues, appellant contends that (1) the evidence was factually
insufficient to support a finding that appellant used a deadly weapon, (2) the evidence
was factually insufficient to show that appellant committed the offense of aggravated
assault, and (3) the trial court erred in overruling appellant’s objection to the State’s
use of a knife for demonstrative purposes. We affirm.
Factual and Procedural Background
          Francisco Alvarez, the complainant, testified that, on October 26, 2003, he was
eating at a restaurant when he heard the alarm on his van sound. When he went
outside to the parking lot, he saw appellant attempting to open the door of his van. 
The complainant asked appellant what he was doing and appellant asked the
complainant if the van was his. The complainant told appellant that the van was his,
and appellant then pulled a knife and told the complainant that he was going to kill
him. When the complainant saw that appellant was going to throw the knife at him,
he ran away. Appellant threw the knife at the complainant, which passed close to the
complainant’s head. The complainant described the knife as a “silver sword knife,”
like a knife used in a kitchen to cut vegetables, and not merely a butter knife. The
complainant explained that appellant appeared to be intoxicated at the time of the
offense.
          After appellant threw the knife, the complainant turned around and saw that
appellant was pursuing him. The complainant ran to a public phone and called for
emergency assistance. Houston Police Officer A. Alcantara arrived on the scene
within five minutes, and the complainant and the manager of the restaurant told the
officer what had happened. Another officer located appellant at a nearby shopping
center, returned to the scene with appellant, and the complainant identified appellant
as the man who had threatened him.
          Officer Alcantara testified that, when he arrived at the scene, the complainant,
who was frightened and upset, provided him with a description of the suspect who
had threatened him. Another officer quickly located appellant, who matched the
description, at a nearby commercial establishment. The officers restrained appellant
and returned with him to the scene. The complainant immediately identified
appellant as the person who had threatened him. The officers conducted a search of
the area, but were unable to locate the knife.
Deadly Weapon
          In his first issue, appellant contends that the evidence is factually insufficient
to support a finding that he used a deadly weapon during the commission of the
assault. 
          We review a challenge to the factual sufficiency of the evidence by examining
all of the evidence neutrally, not in the light most favorable to the verdict, and we will
set aside the verdict “only if the evidence is so weak that the verdict is clearly wrong
or manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met.” Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004). Although our analysis considers all the evidence
presented at trial, the trier of fact is the exclusive judge of the facts, the credibility of
the witnesses, and the weight to be given to their testimony. Johnson v. State, 23
S.W.3d 1, 6-7 (Tex. Crim. App. 2000). Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury’s determination concerning
what weight to give contradictory testimonial evidence because the jurors were in
attendance when the testimony was delivered. Id.
          A person commits the offense of aggravated assault if the person intentionally
or knowingly threatens another with imminent bodily injury and uses or exhibits a
deadly weapon during the commission of the assault. Tex. Pen. Code Ann.
§§ 22.01(a)(2), 22.02(a)(2) (Vernon Supp. 2004-2005). A deadly weapon is defined
as “anything that in the manner of its use or intended use is capable of causing death
or serious bodily injury.” Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon Supp.
2004-2005). Although a knife is not a deadly weapon per se, a knife can be found to
be a deadly weapon based on the nature of its use or intended use. Garcia v. State, 17
S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). To determine whether
a particular knife is a deadly weapon, courts have considered (1) the size, shape, and
sharpness of the knife; (2) the manner of its use or intended use; (3) the nature or
existence of inflicted wounds; and (4) testimony about the knife’s life-threatening
capabilities. Id. The physical proximity of the accused and the victim during the
commission of the offense may also be considered. See Brown v. State, 716 S.W.2d
939, 946 (Tex. Crim. App. 1986).
          Appellant asserts that, because the knife inflicted no wounds and because the
State failed to present evidence showing the knife’s capacity to cause serious bodily
injury or death, the evidence was factually insufficient to prove that the knife
allegedly used in the commission of the offense was a deadly weapon. However, the
complainant testified that the knife was “like a kitchen knife,” and like the kind of
knife “used to cut vegetables.” The complainant also testified that the knife was a 
“silver sword knife,” and not merely a butter knife. Officer Alcantara testified that
at the scene, immediately after the incident, the complainant described the weapon
used by appellant as a “large knife.” Thus, the State presented some evidence
concerning the knife’s characteristics. 
          The complainant also testified that, when he walked over to his van to
determine why his alarm was sounding, he discovered appellant attempting to open
the van’s door, and that, when appellant saw him, appellant pulled the knife and
stated “I’m going to kill you.” The complainant further testified that as he ran away
from appellant, appellant threw the knife at him, the knife passed “close to his head,”
and appellant continued to pursue him as he attempted to run. While the complainant
did not specify how close he was to appellant when he was threatened, the
complainant’s testimony also established that he was in relatively close physical
proximity to the appellant at the time of the assault. Officer Alcantara testified that,
when he arrived at the scene, the complainant was frightened and upset. The State
presented evidence that, based on the manner in which appellant used the knife, it was
capable of causing death or serious bodily injury, and was, therefore, a deadly
weapon. 
          Even though the actual knife was never recovered, the State is not required to
introduce the knife into evidence to meet its burden of proof. Victor v. State, 874
S.W.2d 748, 751 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Additionally, the
State is not required to show that any wounds were inflicted to prove that a knife is
a deadly weapon. Petrick v. State, 832 S.W.2d 767, 770 (Tex. App.—Houston [1st
Dist.] 1992, pet. ref’d). Viewing all of the evidence neutrally, we conclude that the
evidence was not so weak that the verdict was clearly wrong or manifestly unjust and
that the contrary evidence was not so strong that the standard of proof beyond a
reasonable doubt could not have been met. Accordingly, we hold that the evidence
was factually sufficient to support the finding that appellant used or exhibited a
deadly weapon during the commission of the assault.
          We overrule appellant’s first issue.
Factual Sufficiency
          In his second issue, appellant argues that the evidence was factually
insufficient to support his conviction because (1) the only evidence linking him to the
offense was the testimony of the complainant, (2) when he was located by the officers
several minutes after the commission of the offense, he did not flee and did nothing
to otherwise indicate that he was involved in the offense, and (3) the knife allegedly
used by appellant was never found. 
          However, the complainant testified that when he confronted the appellant, who
was attempting to open the van’s door, appellant pulled out a knife and threatened to
kill him. The complainant further testified that when he attempted to run away,
appellant threw the knife at the complainant, and that the knife passed close to the his
head. Officer Alcantara testified that he arrived on the scene within five minutes after
receiving the complainant’s call for emergency assistance, and that other officers
quickly located appellant, who matched the complainant’s description of the suspect,
at a nearby shopping center. Officer Alcantara further testified that when he returned
with appellant to the scene, the complainant identified appellant, without hesitation, 
as the man who had threatened him.


 
          As we have previously stated, credibility issues are for the jury, not this Court. 
Whitaker v. State, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998). Moreover, the State
was not required to present the actual knife used in the commission of the assault nor
was it required to prove that appellant attempted to flee when located by the officers. 
Based on the record presented, we hold that the evidence was factually sufficient to
support the jury’s verdict that appellant intentionally or knowingly threatened the
complainant with imminent bodily injury and used or exhibited a deadly weapon
during the commission of the assault.
          We overrule appellant’s second issue.
Demonstrative Evidence
          In his third issue, appellant argues that the trial court erred in admitting a knife
introduced by the State for demonstrative purposes because “there is a question as to
whether the knife’s probative value outweighed any inflammatory effect.” He further
asserts that the trial court erred in not instructing the jury that the knife introduced by
the State was being introduced solely for demonstrative purposes.          
          It is within the trial court’s discretion to admit into evidence a similar type
weapon or instrument used in the commission of an offense if it is relevant and
material to an issue in the case, is not overly inflammatory, and the original, if
available, would be admissible. Simmons v. State, 622 S.W.2d 111, 113 (Tex. Crim.
App. 1981); Fletcher v. State, 902 S.W.2d 165, 166 (Tex. App.—Houston [1st Dist.]
1995, pet. ref’d). The introduction of a weapon described as “like,” “similar to,”
“pretty much the same,” “more or less the same,” “something like,” “not unlike,”
“comparable to,” or “resembling,” or described by the use of comparable words is
admissible as an aid to the jury in interpreting and understanding oral testimony
adduced at trial. Simmons, 622 S.W.2d at 113-114; Fletcher, 902 S.W.2d at 167. The
lack of positive identification of a weapon or instrumentality used during the
commission of an offense affects its weight rather than its admissibility. Id.
          Here, when the State first offered the knife for demonstrative purposes,
appellant objected that the State had not established that the offered knife was similar
to the knife used during the assault. The trial court sustained appellant’s objection. 
The complainant then provided a description of the knife and testified that the knife
offered by the State looked “something like” the knife used by appellant, but the
complainant could not testify whether the knife used by appellant was the same size
as the offered knife. The State again offered the knife “for demonstrative purposes
only.” The trial court admitted the knife, for demonstrative purposes, over appellant’s
objection. Whether and how appellant used or exhibited a knife during the
commission of the assault was a relevant and important issue in the case, and the
record indicates that the knife introduced by the State was used to assist the jury in
understanding the complainant’s testimony. Furthermore, the knife allegedly used
in the offense, which would have been admissible, was not available. And while the
complainant could not testify that the knife offered by the State was an exact replica
of the knife used during the assault, nothing in the record indicates that the probative
value of the knife was substantially outweighed by unfair prejudice or any possible
inflammatory effect. Tex. R. Evid. 403; Simmons, 622 S.W.2d at 113. Thus, we hold
that the trial court did not abuse its discretion in admitting the knife for demonstrative
purposes.     
          In regard to appellant’s contention that he was entitled to a limiting instruction
that the knife was admitted solely for demonstrative purposes, we note that “when
evidence which is admissible as to one party or for one purpose but not admissible
as to another party or for another purpose is admitted, the court, upon request, shall
restrict the evidence to its proper scope and instruct the jury accordingly. Tex. R.
Evid. 105(a). However, “in the absence of such request the court’s action in
admitting such evidence without limitation shall not be a ground for complaint on
appeal.” Id. Here, appellant did not ask the trial court to give such an instruction
and, therefore, has waived this complaint on appeal. Id.; see also Waters v. State, 743
S.W.2d 753, 758 (Tex. App.—San Antonio 1987, no pet.).



          We overrule appellant’s third issue.
 
ConclusionWe affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks. 
 
Do not publish. Tex. R. App. P. 47.2(b).