# NO. 12-09-00334-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES J. THRASHER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #3* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury found Appellant, James J. Thrasher, guilty of driving while intoxicated, and the trial court imposed a sentence of thirty days in jail. In his first issue, Appellant claims the trial court erred by permitting the State to show the jury a Texas Department of Public Safety video used to train their officers in the administration of the horizontal gaze nystagmus test. In his second and third issues, Appellant challenges the legal and factual sufficiency of the evidence. We affirm.

### BACKGROUND

In the early morning hours of November 27, 2008, Texas Department of Public Safety (DPS) Trooper Robert Hartman observed a vehicle moving slowly down the road running on the rim of one of its back wheels emitting a shower of sparks. Hartman stopped the vehicle. Appellant was the driver. Hartman detected the strong odor of an alcoholic beverage on Appellant's breath. He observed that Appellant's speech was slurred, that he stumbled as he walked to the rear of his vehicle, that he seemed unsteady on his feet, and that his eyes were red and glassy.

Appellant told Hartman that he had been drinking at a family party. He was attempting to make it home on the rim because his home was close by.

Suspecting Appellant was intoxicated, Hartman administered a variety of field sobriety tests. Hartman testified that Appellant failed the horizontal gaze nystagmus test, his eyes exhibiting all six clues of intoxication. He also failed the "walk and turn test" and the "one leg stand test." Hartman concluded that Appellant was intoxicated and arrested him. Appellant refused to submit to a breath test.

Hartman was the State's only witness. The patrol car video equipment made a tape of the stop. Hartman testified that an equipment failure caused the tape to be unusable. The jury viewed the DPS instructional video demonstrating how the horizontal gaze nystagmus test is given, and what it is designed to detect.

Appellant testified that he was not intoxicated when stopped. Appellant had previously been convicted of driving while intoxicated and misdemeanor theft.

### ADMISSION OF THE TRAINING VIDEO

In his first issue, Appellant complains the trial court reversibly erred in allowing the jury to watch the DPS horizontal gaze nystagmus (HGN) test training video.

**Standard of Review**

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). A trial court does not abuse its discretion as long as its decision to admit or exclude evidence is within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

**Discussion**

The State introduced the challenged video immediately before Hartman testified regarding the HGN test he gave Appellant. The training video is a demonstration in a daytime laboratory environment of the clues a trooper should look for when giving an HGN test in the field.

Appellant objected to the State's attempt to enter the DPS video into evidence and play it before the jury. The grounds for his objection were (1) that it would deny his right of confrontation under the Sixth Amendment, (2) the video had no probative value because the

2

individual tested in the video was not proven to be intoxicated, (3) admission of the video would confuse the issue and mislead the jury, and (4) the video was inadmissible under Texas Rule of Evidence 403, the Seventh Amendment to the U.S. Constitution, and the due course of law provision of the Texas Constitution. Appellant urged that the harm in the video's admission was multiplied by the unavailability of the patrol car video of the stop.

On appeal, Appellant argues that it was reversible error to admit the exhibit because the daytime laboratory conditions under which "the demonstrative experiment was made" in the video were completely dissimilar to the dark roadside where Hartman gave Appellant the HGN test. Therefore, it had no probative value, no relevance, confused the jury, and was unfairly prejudicial. Appellant's complaint on appeal does not comport with his objection in the trial court and no error is preserved. *See* TEX. R. APP. P. 33.1(a)(1); **Resendiz v. State**, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003).

Moreover, the result would be the same if Appellant had urged his appellate objection in the trial court. The DPS training video demonstrating and explaining HGN testing was admissible. Demonstrative evidence is admissible "to aid the jury in understanding oral testimony adduced at trial." **Fletcher v. State**, 902 S.W.2d 165, 167 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd).

Trooper Hartman testified that the video would help explain how an intoxicated person's eye movement can be affected by his intoxication and that the jury could use the video to help them visualize "what I'm talking about by looking at the actual eyes." It was absolutely evident to the jury that this was a training video. Hartman testified that he had first seen it while training at the DPS academy. He told the jury that conditions on the street are rarely like the controlled daytime conditions shown in the video. It was evident that the video was simply a demonstration in a daytime environment of what a trooper looks for during an HGN test. It helped the jury understand what Hartman was describing in his testimony. In admitting the video, the trial court instructed the jury that it "is simply to demonstrate what the trooper is talking about" and "[t]his video is not of the defendant or anybody connected with the case. It's simply demonstrative."

The video was not, as Appellant argues, a misleading "demonstrative experiment" attempting to inaccurately portray the conditions when Hartman tested Appellant. The DPS training video was helpful to the jury in understanding Hartman's testimony regarding the HGN

test.   It was clearly admissible.   Appellant's first issue is overruled.

<b>SUFFICIENCY OF THE EVIDENCE TO PROVE INTOXICATION</b>

In his second and third issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction.

**Standard of Review and Applicable Law**

The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.   ***Jackson v. Virginia***, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).   In reviewing factual sufficiency, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the jury's determination or proof of guilt, although adequate, if taken alone, is greatly outweighed by contrary proof.   ***Johnson v. State***, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also **Watson v. State***, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

Appellant was charged with the offense of driving while intoxicated under Texas Penal Code section 49.04, which defines the offense as follows:

> (a)  A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2009).

Appellant challenges only the sufficiency of the evidence proving intoxication. "Intoxicated" is defined as "not having the normal use of mental or physical faculties by reason of the induction of alcohol . . . into the body."   ***Id.*** § 49.01(2)(A).

**Discussion**

Trooper Hartman first observed Appellant driving very slowly down the road.  Sparks flew from a bare wheel rim at the back of his truck.  Hartman smelled a strong odor of an alcoholic beverage on Appellant's breath, and his speech was slurred.   He stumbled as he walked to the rear of his vehicle; his eyes were "glassy" and red.  Appellant told Hartman that he was

4

coming from a family party where he had drunk three or four beers. Appellant failed three field sobriety tests. Appellant refused a breath test. It was Hartman's opinion that Appellant was intoxicated.

Appellant testified that he was not intoxicated that night. He conceded that driving his truck on a public road with a tire missing from a back wheel was against his better judgment. Appellant also complains that because of the State's negligent loss of the patrol car video of Appellant's stop and testing there was a lack of "real factual evidence" supporting his conviction.

The jury is the exclusive judge of the witnesses' credibility and the weight to be given their testimony. *Jones v. State*, 944 S.W.2d 642, 647-48 (Tex. Crim. App. 1996). Measured against the appropriate standards of review, the evidence is clearly both legally and factually sufficient to support Appellant's conviction. Appellant's second issue is overruled.

## DISPOSITION

The judgment is *affirmed*.

### BILL BASS
Justice

Opinion delivered June 30, 2010.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)