NO.
12-09-00334-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JAMES
J. THRASHER,                                    '                 APPEAL FROM THE 

APPELLANT

 

V.                                                                         '                 COUNTY COURT AT
LAW #3

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            A
jury found Appellant, James J. Thrasher, guilty of driving while intoxicated,
and the trial court imposed a sentence of thirty days in jail.  In his first
issue, Appellant claims the trial court erred by permitting the State to show
the jury a Texas Department of Public Safety video used to train their officers
in the administration of the horizontal gaze nystagmus test.  In his second and
third issues, Appellant challenges the legal and factual sufficiency of the
evidence.  We affirm.

 

Background

            In
the early morning hours of November 27, 2008, Texas Department of Public Safety
(DPS) Trooper Robert Hartman observed a vehicle moving slowly down the road
running on the rim of one of its back wheels emitting a shower of sparks. 
Hartman stopped the vehicle.  Appellant was the driver.  Hartman detected the
strong odor of an alcoholic beverage on Appellant’s breath.  He observed that
Appellant’s speech was slurred, that he stumbled as he walked to the rear of
his vehicle, that he seemed unsteady on his feet, and that his eyes were red
and glassy.

            Appellant
told Hartman that he had been drinking at a family party.  He was attempting to
make it home on the rim because his home was close by.

            Suspecting
Appellant was intoxicated, Hartman administered a variety of field sobriety
tests.  Hartman testified that Appellant failed the horizontal gaze nystagmus
test, his eyes exhibiting all six clues of intoxication.  He also failed the
“walk and turn test” and the “one leg stand test.”  Hartman concluded that
Appellant was intoxicated and arrested him.  Appellant refused to submit to a breath
test.

            Hartman
was the State’s only witness.  The patrol car video equipment made a tape of
the stop.  Hartman testified that an equipment failure caused the tape to be
unusable.  The jury viewed the DPS instructional video demonstrating how the
horizontal gaze nystagmus test is given, and what it is designed to detect.

            Appellant
testified that he was not intoxicated when stopped.  Appellant had previously
been convicted of driving while intoxicated and misdemeanor theft.

 

Admission
of the Training Video

            In
his first issue, Appellant complains the trial court reversibly erred in
allowing the jury to watch the DPS horizontal gaze nystagmus (HGN) test
training video.

Standard
of Review

            A
trial court’s decision to admit or exclude evidence is reviewed for abuse of
discretion.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001).  A trial court does not abuse its discretion as long as its decision to
admit or exclude evidence is within the “zone of reasonable disagreement.”  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

Discussion

            The
State introduced the challenged video immediately before Hartman testified
regarding the HGN test he gave Appellant.  The training video is a
demonstration in a daytime laboratory environment of the clues a trooper should
look for when giving an HGN test in the field.

            Appellant
objected to the State’s attempt to enter the DPS video into evidence and play
it before the jury.  The grounds for his objection were (1) that it would deny
his right of confrontation under the Sixth Amendment, (2) the video had no
probative value because the individual tested in the video was not proven to be
intoxicated, (3) admission of the video would confuse the issue and mislead the
jury, and (4) the video was inadmissible under Texas Rule of Evidence 403, the
Seventh Amendment to the U.S. Constitution, and the due course of law provision
of the Texas Constitution.  Appellant urged that the harm in the video’s
admission was multiplied by the unavailability of the patrol car video of the
stop.

            On
appeal, Appellant argues that it was reversible error to admit the exhibit
because the daytime laboratory conditions under which “the demonstrative experiment
was made” in the video were completely dissimilar to the dark roadside where
Hartman gave Appellant the HGN test.  Therefore, it had no probative value, no
relevance, confused the jury, and was unfairly prejudicial.  Appellant’s
complaint on appeal does not comport with his objection in the trial court and
no error is preserved.  See Tex.
R. App. P. 33.1(a)(1); Resendiz v. State, 112 S.W.3d 541,
547 (Tex. Crim. App. 2003).

            Moreover,
the result would be the same if Appellant had urged his appellate objection in
the trial court.  The DPS training video demonstrating and explaining HGN
testing was admissible.  Demonstrative evidence is admissible “to aid the jury
in understanding oral testimony adduced at trial.”  Fletcher v. State,
902 S.W.2d 165, 167 (Tex. App.–Houston [1st Dist.] 1995, pet. ref’d).

Trooper
Hartman testified that the video would help explain how an intoxicated person’s
eye movement can be affected by his intoxication and that the jury could use
the video to help them visualize “what I’m talking about by looking at the
actual eyes.”  It was absolutely evident to the jury that this was a training
video.  Hartman testified that he had first seen it while training at the DPS
academy.  He told the jury that conditions on the street are rarely like the
controlled daytime conditions shown in the video.  It was evident that the
video was simply a demonstration in a daytime environment of what a trooper
looks for during an HGN test.  It helped the jury understand what Hartman was
describing in his testimony.  In admitting the video, the trial court
instructed the jury that it “is simply to demonstrate what the trooper is
talking about” and “[t]his video is not of the defendant or anybody connected
with the case.  It’s simply demonstrative.”  

The
video was not, as Appellant argues, a misleading “demonstrative experiment”
attempting to inaccurately portray the conditions when Hartman tested
Appellant.  The DPS training video was helpful to the jury in understanding
Hartman’s testimony regarding the HGN test.  It was clearly admissible. 
Appellant’s first issue is overruled.

 

Sufficiency
of the Evidence to Prove Intoxication

            In
his second and third issues, Appellant contends that the evidence is legally
and factually insufficient to support his conviction.

Standard
of Review and Applicable Law

            The
standard for reviewing a legal sufficiency challenge is whether, viewing the
evidence in the light most favorable to the jury’s verdict, any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 317-18, 99
S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); see also Johnson v. State,
871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  In reviewing factual sufficiency,
we must ask whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine our confidence in the jury’s determination or proof of guilt,
although adequate, if taken alone, is greatly outweighed by contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

            Appellant
was charged with the offense of driving while intoxicated under Texas Penal
Code section 49.04, which defines the offense as follows:

 

(a)    
A
person commits an offense if the person is intoxicated while operating a motor
vehicle in a public place.

 

 

Tex. Penal Code Ann. § 49.04(a) (Vernon 2009).

            Appellant
challenges only the sufficiency of the evidence proving intoxication. 
“Intoxicated” is defined as “not having the normal use of mental or physical
faculties by reason of the induction of alcohol . . . into the body.”  Id.
§ 49.01(2)(A).

Discussion

            Trooper
Hartman first observed Appellant driving very slowly down the road.  Sparks
flew from a bare wheel rim at the back of his truck.  Hartman smelled a strong
odor of an alcoholic beverage on Appellant’s breath, and his speech was
slurred.  He stumbled as he walked to the rear of his vehicle; his eyes were
“glassy” and red.  Appellant told Hartman that he was coming from a family
party where he had drunk three or four beers.  Appellant failed three field
sobriety tests.  Appellant refused a breath test.  It was Hartman’s opinion
that Appellant was intoxicated.

            Appellant
testified that he was not intoxicated that night.  He conceded that driving his
truck on a public road with a tire missing from a back wheel was against his
better judgment.  Appellant also complains that because of the State’s
negligent loss of the patrol car video of Appellant’s stop and testing there
was a lack of “real factual evidence” supporting his conviction.

            The
jury is the exclusive judge of the witnesses’ credibility and the weight to be
given their testimony.  Jones v. State, 944 S.W.2d 642, 647-48
(Tex. Crim. App. 1996).  Measured against the appropriate standards of review,
the evidence is clearly both legally and factually sufficient to support
Appellant’s conviction.  Appellant’s second issue is overruled.

 

Disposition

            The
judgment is affirmed.

 

            

                                                                                                Bill Bass

                                                                                                  
Justice

 

 

 

 

Opinion delivered June 30, 2010.

Panel consisted
of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals,
sitting by assignment. 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)